**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN MILLER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. C2-09-CV-447** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **ACI INDUSTRIES, LTD., L.P.,** | : | |
| | : | **Magistrate Judge Abel** |
| **Defendant.** | : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant ACI Industries, Ltd. L.P.'s ("ACI") Motion

to Dismiss (Doc. 4). For the reasons discussed below, ACI's Motion is **DENIED**.

## II. BACKGROUND

## A. FACTUAL BACKGROUND

Plaintiff John Miller was employed by ACI from November 2006 until March 2008,

working more than twenty-five hours per week. Miller alleges that he was never given any

information regarding health insurance, despite the fact that he was eligible for coverage.[1]

Miller never applied for health insurance coverage. While employed by ACI, Miller suffered

severe dental problems, costing in excess of $50,000 to repair. Miller stopped working for ACI

in March of 2008. On June 5, 2009, he filed this lawsuit under the Employee Retirement Income

---

[1]All ACI employees working at least twenty-five hours per week were eligible for
coverage. (Motion to Dismiss, Exhibit A, ACI Group Administration Manual at 12.)

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeking a declaration of his rights

under ACI's health insurance plan and reimbursement for uninsured medical expenses incurred

during his employment, including the more than $50,000 in dental work described above.

## B. PROCEDURAL BACKGROUND

ACI initially moved to dismissed based upon the fact that Miller's complaint failed to

allege either that Miller exhausted the requisite administrative remedies or that it would have

been futile for him to do so. (Mot. at 4.) After the Motion to Dismiss was filed, Miller filed an

Amended Complaint, adding an allegation that "[b]ecause he was not considered to be a plan

participant or member, any pursuit of administrative remedies would have been futile."[2] (First

Am. Compl. at ¶ 10.) ACI then took the position, in its Reply Brief, that Miller's case should be

dismissed because he failed to exhaust the requisite administrative remedies, and such

exhaustion would not have been futile.

## III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be

granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the

plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual

allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently,

the Court must construe the complaint in the light most favorable to the non-moving party,

---

[2]Miller was permitted to amend his complaint after the Motion to Dismiss was filed because a plaintiff is entitled to amend a complaint once as a matter of right before a responsive pleading is filed. Fed. R. Civ. P. 15(a)(1)(A); *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 574. "A motion to dismiss is not considered a responsive pleading under Rule 15(a)." *Winget*, 537 F.3d at 574.

accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S. at 556).

## IV. LAW & ANALYSIS

### A. EXHAUSTION OF REMEDIES

ERISA requires that a participant exhaust all available administrative remedies before filing suit in federal court. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). The exhaustion requirement is waived, however, "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Mutual Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the

futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id*. In addition, "[a] plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" *Id*. (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)).

Exhaustion would be futile where the defendant does not have the authority to change the decision denying the employee's request for benefits. *See Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005) (holding that exhaustion would be futile where defendant insurance company was barred from making the requested changes by a collective bargaining agreement); *Fulk v. Hartford Life Ins. Co.*, 839 F.Supp 1181, 1186 (M.D. N.C. 1993) (holding that exhaustion would be futile where defendant insurance company took the position that the employer had extended benefits in a way that did not bind the insurance company). Exhaustion is also futile where the defendant has affirmatively stated that it will not consider re-evaluating its decision. *See Fallick*, 162 F.3d at 420 (holding that exhaustion would be futile where defendant insurance company "established unequivocally" that it would continue to implement the challenged procedure); *Abraham v. Exxon Corp.*, 1994 WL 97771, at *3 (E.D. La. 1994) (holding that exhaustion would be futile where plaintiff was challenging defendant's "fundamental employee classification policy," which defendant was not going to change); *Alaire v. Amoco Corp.*, 1990 WL 70486, at *2 (N.D. Ill. 1990) (holding that exhaustion would be futile where defendant plan administrator had "taken the flat position that plaintiffs [were] not even covered by the policy and [were] therefore not entitled to the benefits they claim[ed]").

In contrast, exhaustion would not be futile where plaintiffs simply rely on conclusory

allegations of futility without taking any steps to utilize the administrative process or alleging any factual basis for futility. *See Riverview Health Inst., LLC v. Med. Mutual of Ohio*, 2008 WL 4449482, at *7 (S.D. Ohio 2008) ("dismissing for failure to exhaust because "there [were] no allegations detailing any efforts to pursue administrative remedies . . . [and] [i]nstead, plaintiffs baldly assert[ed] that any attempt to utilize the administrative process would be futile"); *Coomer*, 370 F.3d at 505 (dismissing for failure to exhaust where "plaintiffs [had] not alleged any factual basis for their claim of futility other than the [original] denial of benefits"); *Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997) (dismissing for failure to exhaust where plaintiff did not allege "any factual basis" for futility). The exhaustion requirement is also not met where a plaintiff pursues administrative remedies, but then fails to wait for an administrative determination before filing a lawsuit. *Rist v. The Hartford Financial Svcs. Group*, 2008 WL 4444810, at *8 (S.D. Ohio 2008). Additionally, The District Court for the Northern District of Ohio has held that an employee who failed to apply for benefits, failed to provide a description of the benefit plan under which she claimed entitlement to benefits, and failed to establish that she was an employee eligible for benefits had failed to exhaust administrative remedies. *Jaeger v. Matrix Essentials, Inc.*, 236 F.Supp.2d 815, 823-24 (N.D. Ohio 2002).

In this case, Miller alleges that exhaustion would be futile because when he inquired about health insurance coverage for his dental work, he was told that he was not an eligible participant in ACI's benefit plan. ACI counters that Miller's failure to apply for benefits while he was employed equates to a failure to exhaust administrative remedies. However, Miller contends that he failed to apply for benefits while employed by ACI because he was never informed of the availability of health insurance. It would be futile to require Miller to pursue

administrative remedies when ACI has affirmatively taken the position that Miller is not eligible for benefits.

ACI encourages the Court to analogize this case to *Jaeger*, in which the court dismissed for failure to exhaust administrative remedies in part because the plaintiff failed to apply for health benefits while employed. The plaintiff in *Jaeger*, however, failed to provide any information regarding the plan under which she claimed an entitlement to benefits, and the court was not even convinced that she had actually been an employee eligible for coverage. *Jaeger*, 236 F.Supp.2d at 823-24. The same cannot be said of Miller here. He has provided a copy of the benefit plan at issue, and there is no dispute that, as an employee working more than twenty-five hours per week, he was eligible for coverage. Were the Court to require Miller to go back and exhaust administrative remedies, he would simply go back to ACI and ask it to reconsider its decision. This is something it is clearly not willing to do. "The law does not require parties to engage in meaningless acts or to needlessly squander resources as a prerequisite to commencing litigation." *Fallick*, 162 F.3d at 420. This Court is unwilling to require Miller to engage in the meaningless act of asking ACI to reconsider its decision.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**/s Algenon L. Marbley**
**Algenon L. Marbley**
**United States District Judge**

**Dated: January 5, 2010**